# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

JERRYLINN KIRKLAND-RODRIGUEZ
and DAVID ARCHORO VALENTIN,
h/w,

        Plaintiffs,

   v.

COOPER UNIVERSITY HEALTH
CARE; COOPER UNIVERSITY
HOSPITAL; DR. EYTAN R.
BARNEA, M.D.; DR. RAYMOND H.
GREEN, D.O.; DR. JOSEPH V.
LOMBARDI, M.D.; DR. DHRUV
RATHOD, M.D.; DR. ANTHONY
COLACINO, M.D.; and DR.
KIAVASH KOKO, M.D.,

        Defendants.[1]

No. 1:16-cv-3999 (NLH/KMW)

**OPINION**

---

[1]    On December 22, 2016, this Court determined Defendant Dr. Eytan Barnea, an employee of a federally qualified health center, was an employee of the United States pursuant to 42 U.S.C. § 233(c). Accordingly, the Court directed the United States be substituted as a defendant for Dr. Barnea. Further, the Court determined there was evidence Plaintiffs did not begin the administrative review process as required by 28 U.S.C. § 2675(a) and thus claims against the United States were dismissed without prejudice.

**APPEARANCES**:

ADAM S. MALAMUT
LIEBLING MALAMUT & SUNKETT, LLC
SUITE 220
P.O. BOX 3836
1989 ROUTE 70 EAST
CHERRY HILL, NJ 07034-0592
       On behalf of Plaintiffs

CAROLYN R. SLEEPER
PARKER MCCAY P.A.
9000 MIDLANTIC DRIVE, SUITE 300
P.O. BOX 5054
MOUNT LAUREL, NEW JERSEY 08054
       On behalf of Defendants Cooper University Health Care,
       Cooper University Hospital, Raymond H. Green, D.O., Joseph
       V. Lombardi, M.D., Anthony Colacino, M.D., and Kiavash
       Koko, M.D.

**HILLMAN**, District Judge

       This is a medical malpractice action in which Plaintiff

Jerrylinn Kirkland-Rodriguez alleges she suffered a bowel and

aortic injury from a hysteroscopy and a diagnostic laparoscopy

performed by the defendant physicians on November 5, 2013.

Defendants Cooper University Health Care, Cooper University

Hospital,[2] Dr. Raymond Green, Dr. Joseph Lombardi, Dr. Anthony

Colacino, and Dr. Koko move for summary judgment based on an

allegedly insufficient Affidavit of Merit.[3]  For the reasons that

---

[2]    The Court refers to Cooper University Health Care and
Cooper University Hospital collectively as "the Cooper
Defendants."

[3]    The Court will refer to these moving Defendants as
"Defendants."  The Court notes Defendant Dr. Dhruv Rathod has
not moved for summary judgment and is thus not subject to this
motion.

follow, this Court will grant summary judgment in favor of Dr. Green, Dr. Lombardi, Dr. Colacino, and Dr. Koko.  The Court will deny summary judgment as to the Cooper Defendants.

## I.

Plaintiffs filed their complaint in the New Jersey Superior Court, Law Division on November 4, 2015, bringing negligence claims against Dr. Barnea, Dr. Green, Dr. Lombardi, Dr. Rathod, Dr. Colacino, and Dr. Koko, as well as against the Cooper Defendants.  This case was removed to federal court on July 1, 2016.

On March 21, 2016, an Affidavit of Merit was filed by Dr. Gerald V. Burke, M.D.  The Affidavit stated: "I am a licensed physician specializing in the field of reproductive endocrinology, infertility and gynecology and I am duly admitted to practice medicine in the State of New Jersey."  It concluded:

> [I]t is my professional opinion within a reasonable degree of medical certainty that there is basis to proceed, investigate, and conclude that the care, skill and knowledge exercised by Dr. Eytan R. Barnea, the residents, and the hospital staff in his treatment of Jerrylin[n] Kirkland-Rodriguez fell outside of the accepted professional standards and that such conduct was a substantial contributing factor in bringing about the harm to Jerrylin[n] Kirkland-Rodriguez.

On August 5, 2016, Defendants Dr. Green, Dr. Lombardi, Dr. Colacino, Dr. Koko, and the Cooper Defendants moved to dismiss the complaint for failure to provide a sufficient Affidavit of Merit.

On March 16, 2017, this Court found the motion to dismiss for failure to file an Affidavit of Merit implicated dispositive factual issues outside of the pleadings and had to be addressed on a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. Thus, the Court denied the motion to dismiss and directed Defendants to file a motion for summary judgment. On April 13, 2017, Defendants Dr. Green, Dr. Lombardi, Dr. Koko, Dr. Colacino, and the Cooper Defendants filed a motion for summary judgment with the Court.

## II.

The Court will exercise its discretion to decide this motion under its supplemental jurisdiction. Removal of this case was based on the substitution of the United States as a defendant for Dr. Barnea. The Notice of Removal asserted that the Federal Tort Claims Act was the exclusive remedy for tort claims against the United States, and that the district courts have exclusive jurisdiction over tort actions against the United States under the Federal Tort Claims Act pursuant to 28 U.S.C. § 1346(b). Pursuant to the dismissal of the United States from this action, the claim that formed the basis of this Court's original jurisdiction is no longer part of this action. Plaintiffs' remaining claims arise under state law.

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are

so related to claims in the action within such original
jurisdiction that they form part of the same case or
controversy under Article III of the United States
Constitution.

28 U.S.C. § 1367(a). However, "[t]he district courts may

decline to exercise supplemental jurisdiction over a claim . . .

if . . . the district court has dismissed all claims over which

it has original jurisdiction." Id. § 1367(c)(3).

"[W]here the claim over which the district court has

original jurisdiction is dismissed before trial, the district

court must decline to decide the pendent state claims unless

considerations of judicial economy, convenience, and fairness to

the parties provide an affirmative justification for doing so."

Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.

1995). Given that this case has remained in federal court for

over a year, the original motion to dismiss was filed shortly

after removal, the Court ordered the submission of the pending

summary judgment motion, and no opposition to the motion has

been filed, the Court will exercise its supplemental

jurisdiction to resolve this motion. If the Court were to

decline to resolve the pending motion it seems beyond contention

that the same motion would simply be refiled in state court for

adjudication. Resolving the pending motion on the existing

record promotes judicial economy, convenience, and fairness to

the parties.

**III.**

Summary judgment is appropriate where the Court is
satisfied that "'the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits if any,' . . . demonstrate the absence of a genuine
issue of material fact" and that the moving party is entitled to
a judgment as a matter of law. Celotex Corp. v. Catrett, 477
U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such
that a reasonable jury could return a verdict in the nonmoving
party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
248 (1986). A fact is "material" if, under the governing
substantive law, a dispute about the fact might affect the
outcome of the suit. Id. "In considering a motion for summary
judgment, a district court may not make credibility
determinations or engage in any weighing of the evidence;
instead, the non-moving party's evidence 'is to be believed and
all justifiable inferences are to be drawn in his favor.'"
Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)
(citing Anderson, 477 U.S. at 255).

Initially, the moving party bears the burden of
demonstrating the absence of a genuine issue of material fact.
Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment
always bears the initial responsibility of informing the

district court of the basis for its motion, and identifying
those portions of 'the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits, if any,' which it believes demonstrate the absence
of a genuine issue of material fact."); see Singletary v. Pa.
Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although
the initial burden is on the summary judgment movant to show the
absence of a genuine issue of material fact, 'the burden on the
moving party may be discharged by "showing" – that is, pointing
out to the district court – that there is an absence of evidence
to support the nonmoving party's case' when the nonmoving party
bears the ultimate burden of proof." (citing Celotex, 477 U.S.
at 325)).

    Once the moving party has met this burden, the nonmoving
party must identify, by affidavits or otherwise, specific facts
showing that there is a genuine issue for trial. Celotex, 477
U.S. at 324. A "party opposing summary judgment 'may not rest
upon the mere allegations or denials of the . . . pleading[s].'"
Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). For
"the non-moving party[] to prevail, [that party] must 'make a
showing sufficient to establish the existence of [every] element
essential to that party's case, and on which that party will
bear the burden of proof at trial.'" Cooper v. Sniezek, 418
F. App'x 56, 58 (3d Cir. 2011) (citing Celotex, 477 U.S. at

322).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 257.

**IV.**

The Court initially notes Defendants' summary judgment motion is unopposed.[4]  A plaintiff's "failure to respond 'is not alone a sufficient basis for the entry of a summary judgment.'" Muskett v. Certegy Check Servs., Inc., No. 08-3975, 2010 WL 2710555, at *3 (D.N.J. July 6, 2010) (quoting Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.3d 168, 175 (3d Cir. 1990)). "The Court must still determine, even for an unopposed summary judgment motion, whether the motion for summary judgment has been properly made and supported and whether granting summary judgment is 'appropriate,' as required" by the Federal Rules of Civil Procedure.  Id.  Accordingly, the Court will address the merits of this summary judgment motion despite the lack of a response to the motion from Plaintiffs.[5]

---

[4]    Further, the Motion to Dismiss previously filed to dismiss this action for lack of a sufficient Affidavit of Merit was also unopposed.

[5]    Plaintiffs' failure to respond to this motion is relevant, however, in determining which facts this Court finds to be undisputed in ruling on this motion for summary judgment.  Local Civil Rule 56.1 states: "The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's

The only issue before this Court on summary judgment is whether a sufficient Affidavit of Merit has been provided for this case to move forward.[6]  An Affidavit of Merit is required in malpractice cases pursuant to N.J.S.A. 2A:53-27:

---

statement indicating agreement or disagreement and, if not agreed, stating each material fact in dispute . . . ."  It further provides "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."  Local Civil Rule 56.1; accord CIT Fin. USA, Inc. v. Lopez, No. 05-722, 2006 WL 2335578, at *2 (D.N.J. Aug. 9, 2006) ("In an unopposed summary judgment motion, the court 'will accept as true all material facts set forth by the moving party with appropriate record support.'" (quoting Anchorage Assocs., 922 F.2d at 175)); Allebach v. Sherrer, No. 04-287, 2005 WL 1793726, at *2 (D.N.J. July 27, 2005) ("In considering an unopposed summary judgment motion, it is entirely appropriate for this Court to treat all of the facts properly supported by the movant to be uncontroverted.").

[6]   The Court preliminarily notes it will decide this issue without any reference to the Law Division's consideration of this same issue.  Counsel for Defendants informed this Court by way of a July 25, 2016 letter that, prior to removal, a motion to dismiss was filed in state court based on an insufficient Affidavit of Merit.  On July 8, 2016, after removal of this action to federal court, the Law Division judge granted the motion, ordering that the plaintiffs' complaint was "dismissed with Prejudice for failure to state a cause of action on the grounds that Plaintiff has failed to serve a sufficient Affidavit of Merit as to Defendants, Cooper University Hospital, The Cooper Health System d/b/a Cooper University Healthcare, Joseph V. Lombardi, M.D., Raymond H. Green, D.O., [and] Kiavsh Koko, M.D."  A defendant's removal of a case to federal court divests the state court of jurisdiction.  See Smith v. Resorts, USA, Inc., No. 99-2685, 1999 WL 1038335, at *2 (E.D. Pa. Nov. 15, 1999) ("Upon Defendants' removal to federal court, the state court was divested of jurisdiction over this matter.").  Finding the state court did not have jurisdiction over this matter at the time it rendered its July 8, 2016 decision, the Court will decide this issue anew here without reference to the state court decision.

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.[7]

There are further heightened requirements in a medical malpractice case such as this. "In actions alleging medical malpractice, the person providing the affidavit must meet the requirements of N.J.S.A. 2A:53A-41, a provision of the New Jersey Medical Care Access and Responsibility and Patients First Act, which was enacted in 2004." Buck v. Henry, 25 A.3d 240, 246-27 (N.J. 2011). "The basic principle behind N.J.S.A. 2A:53A-41 is that 'the challenging expert' who executes an affidavit of merit in a medical malpractice case, generally, should 'be equivalently-qualified to the defendant' physician." Id. (quoting Ryan v. Renny, 999 A.2d 427 (N.J. 2010)).

N.J.S.A. 2A:53A-41(a) provides:

> If the party against whom or on whose behalf the testimony is offered is a specialist or subspecialist recognized by the American Board of Medical Specialties or the American Osteopathic Association and the care or

---

[7]    Pursuant to N.J.S.A. 2A:53A-26, "licensed person" includes "a physician in the practice of medicine or surgery" and "a health care facility." All Defendants thus constitute "licensed persons."

treatment at issue involves that specialty or
subspecialty recognized by the American Board of Medical
Specialties or the American Osteopathic Association, the
person providing the testimony shall have specialized at
the time of the occurrence that is the basis for the
action in the same specialty or subspecialty, recognized
by the American Board of Medical Specialties or the
American Osteopathic Association, as the party against
whom or on whose behalf the testimony is offered . . . .

N.J.S.A. 2A:53A-41(a). The statute then provides further

requirements for when "the person against whom or on whose

behalf the testimony is being offered is board certified and the

care or treatment at issue involves that board specialty or

subspecialty."

Thus,

[t]he statute sets forth three distinct categories
embodying this kind-for-kind rule: (1) those who are
specialists in a field recognized by the American Board
of Medical Specialties (ABMS) but who are not board
certified in that specialty; (2) those who are
specialists in a field recognized by the ABMS and who
are board certified in that specialty; and (3) those who
are "general practitioners."

Buck, 25 A.3d at 247. Accordingly, "[u]nder N.J.S.A. 2A:53A-41,

the first inquiry must be whether a physician is a specialist or

general practitioner." Id. at 248.

As a preliminary matter, the Court notes Defendants

Statement of Undisputed Material Facts states "Anthony Colacino,

M.D., has not received an Affidavit of Merit from the

Plaintiffs." Without any opposition filed by Plaintiffs

disputing this fact, the Court assumes this to be true.

11

Accordingly, summary judgment will be granted in favor of Dr. Colacino.  The Court now considers the Affidavit of Merit with regard to Dr. Lombardi, Dr. Green, and Dr. Koko.

According to Dr. Lombardi's CV, he was board certified in general surgery in 2003, certified in vascular surgery in 2004, and recertified in vascular surgery in 2014.  According to Dr. Green's CV, he was certified in both general surgery and surgical critical care in 2011.  General Surgery and Vascular Surgery are both specialties listed by the American Board of Medical Specialties.  Surgical Critical Care is listed as a subspecialty by the American Board of Medical Specialties.  These specialties and subspecialty are similarly recognized by the American Osteopathic Association.  Thus, viewing the facts in favor of Plaintiffs, both Dr. Lombardi and Dr. Green can be considered specialists in two areas – Dr. Lombardi in vascular surgery and general surgery, and Dr. Green in general surgery and surgical critical care.[8]

Dr. Koko's CV does not give any indication as to a

---

[8]     "A physician may practice in more than one specialty, and the treatment involved may fall within that physician's multiple specialty areas.  In that case, an affidavit of merit from a physician specializing in either area will suffice."  Buck, 25 A.3d at 248.  Accordingly, Dr. Burke need only be a specialist in either vascular surgery or general surgery for Dr. Lombardi, and in either general surgery or surgical critical care for Dr. Green.

specialty apart from listing "American College of Surgeons" and

"S.A.G.E.S Society of American Gastrointestinal and Endoscopic

Surgeons" as "Professional Membership[s]." Defendants'

Statement of Undisputed Material Facts, however, states Dr. Koko

"is now a board certified general surgeon" but "was a general

surgery resident at the time of the care at issue." The Court

concludes Dr. Koko was, at the time Plaintiff Jerrylinn

Kirkland-Rodriguez was under his care, a specialist in general

surgery.[9]

    "If the physician is a specialist, then the second inquiry

must be whether the treatment that is the basis of the

malpractice action 'involves' the physician's specialty." Id.

Plaintiff Jerrylinn Kirkland-Rodriguez was admitted to the

hospital for chronic pelvic pain, where a hysteroscopy and a

laparoscopy were performed. "An hysteroscopy is a procedure

used to determine abnormalities in a woman's uterus." Estate of

Chin v. St. Barnabas Med. Ctr., 734 A.2d 778, 780 (N.J. 1999).

The procedure "is done using a hysteroscope, a thin, lighted

tube that is inserted into the vagina to examine the cervix and

inside of the uterus." White v. Colvin, No. 13-0438, 2014 WL

---

[9]    The Court must find there is sufficient record support for
the Court to find the statements in Defendants' Statement of
Undisputed Material Facts true. This Court finds sufficient
record support from Dr. Koko's CV to consider his specialty in
general surgery undisputed.

4681057, at *13 n.14 (W.D. Miss. Sept. 22, 2014). "A laparoscopy is a procedure in which an instrument is inserted just below the navel so as to observe the contents of the abdomen and to locate the mass." Planned Parenthood v. Casey, 686 F. Supp. 1089, 1129 n.7 (E.D. Pa. 1988).

"A General Surgeon has principal expertise in the diagnosis and care of patients with disease and disorders affecting the abdomen, digestive tract, endocrine system, breast, skin and blood vessels." Am. Bd. of Med. Specialists, Member Boards: American Board of Surgery, http://www.abms.org/member-boards/contact-an-abms-member-board/american-board-of-surgery/ (last visited Nov. 7, 2017); see generally Nicholas v. Mynster, 64 A.3d 536, 550 (N.J. 2013) (citing to the American Board of Medical Specialists' Member Boards to determine whether a particular treatment falls within a certain specialty). "A Vascular Surgeon has expertise in the diagnosis and management of patients with disorders of the arterial, venous and lymphatic systems . . . ." Am. Bd. of Med. Specialists, supra. Plaintiff Jerrylinn Kirkland-Rodriguez's treatment certainly falls within the ken of a general surgeon and a vascular surgeon.[10]

---

[10] "A Surgeon trained in Surgical Critical Care has expertise in the diagnosis, treatment and support of critically ill and injured patients, particularly trauma victims and patients with serious infections and organ failure." Am. Bd. of Med. Specialists, supra. Based on the limited facts provided in the complaint regarding Plaintiff Jerrylinn Kirkland-Rodriguez's

"When the treatment 'involves' the physician's specialty[,] the equivalency requirements apply . . . ." <u>Buck</u>, 25 A.3d at 248.[11]  To reiterate, the equivalency requirement is that "the person providing the testimony shall have specialized at the time of the occurrence that is the basis for the action in the same specialty or subspecialty . . . as the party against whom . . . the testimony is offered." N.J.S.A. 2A:53A-41(a).[12]

Dr. Burke stated in his Affidavit of Merit that he specializes in reproductive endocrinology, infertility, and gynecology.  He did not give any indications of other specialties, nor does his CV disclose any other specialties.  Accordingly, this Court considers Dr. Burke a specialist only in reproductive endocrinology, infertility, and gynecology.  The defendant physicians have specialties in general surgery and

---

condition and treatment, this Court is unable to discern whether her treatment involved this particular subspecialty.  As it certainly involved Dr. Green's specialty in general surgery, however, this does not affect the Court's analysis.

[11]  "Courts are granted authority to waive the specialty requirements under specifically defined circumstances, but only 'upon motion by the party seeking a waiver.'"  <u>Buck</u>, 25 A.3d at 247.  No such waiver has been sought in this case, nor would this case qualify for a waiver under N.J.S.A. 2A:53A-41(c).

[12]  There are further requirements for when the person against whom the testimony is being offered is board certified.  This Court need not reach these further requirements, as the Court finds the Affidavit of Merit does not satisfy the equivalency requirement.

vascular surgery, which were involved in Plaintiff Jerrylinn

Kirkland-Rodriguez's treatment.  Accordingly, Dr. Burke does not

specialize "in the same specialty or subspecialty" as the

defendant physicians.

The fact that a hysteroscopy and a laparoscopy could be

performed by someone in Dr. Burke's specialty does not save the

Affidavit of Merit.  The New Jersey Supreme Court dealt with

this issue in Nicholas v. Mynster.  In that medical malpractice

case, two defendant physicians treated the plaintiff for carbon

monoxide poisoning.  64 A.3d at 539.  The defendant physicians

were certified in emergency medicine and family medicine.  Id.

The expert physician for the plaintiff, however, was certified

in internal and preventive medicine and specialized in

hyperbaric medicine.  Id.  In assessing the sufficiency of the

Affidavit of Merit, the New Jersey Supreme Court held:

> Emergency medicine, family medicine, internal medicine,
> and preventative medicine are all distinct specialty
> areas recognized by the American Board of Medical
> Specialties.  No one disputes that physicians practicing
> in all four of these specialty areas may treat carbon
> monoxide poisoning.  However, there is no statutory
> exception – other than the waiver provision of N.J.S.A.
> 2A:53A-41(c) – that permits a physician specializing in
> internal and preventative medicine to serve as an expert
> witness against a physician specializing in emergency or
> family medicine, even though each is qualified to treat
> a patient for carbon monoxide poisoning.

Id. at 549.

Meehan v. Antonellis, 141 A.3d 1162 (N.J. 2016), a dental

16

malpractice case, highlights the heightened standards imposed in medical malpractice cases. The plaintiff in Meehan sought treatment from an orthodontist for sleep apnea. Id. at 1164. The Affidavit of Merit in Meehan was prepared by a dentist who specialized in prosthodontics and who had over twenty years of experience in treating sleep apnea. Id. at 1167. The Supreme Court determined that "[a] variety of professionals can treat sleep apnea, including various types of dentists and physicians." Id. at 1176. The Court found "[a] prosthodontist, therefore, is capable of having the 'particular expertise' necessary to prepare an affidavit of merit in support of a claim regarding negligent dental treatment for sleep apnea," even where the treating dentist was an orthodontist. Id. The New Jersey Supreme Court found the Affidavit of Merit thus "satisfied the requirements of section 27." Id.

The New Jersey Supreme Court determined "that the enhanced credential requirements established under section 41 for those submitting affidavits of merit and expert testimony apply only to physicians in medical malpractice actions." Id. at 1173. The Court found in cases other than medical malpractice, "section 27 requires no more than that the person submitting an affidavit of merit be licensed in this state or another and have 'particular expertise in the general area or specialty involved in the action.'" Id. at 1175 (quoting N.J.S.A. 2A:53A-27).

"Such particular expertise is 'evidenced by board certification
or by devotion of the person's practice substantially to the
general area or specialty involved in the action for a period of
at least five years.'"  Id. (quoting N.J.S.A. 2A:53A-27).[13]

The requirement of "particular expertise in the general
area or specialty involved in the action" is a much more lenient
standard than the equivalency requirement for medical
malpractice cases.  The ability of the two procedures to fall
within the scope of both Dr. Burke's specialty and
general/vascular surgery does not render the Affidavit of Merit
sufficient in this medical malpractice case.  "A medical expert
must be a specialist in the same field in which the defendant
physician specializes; there are no exceptions to that
requirement other than the waiver provision of N.J.S.A. 2A:53A-
41(c)."  Nicholas, 64 A.3d at 548 (emphasis added).
Accordingly, the Court finds the Affidavit of Merit deficient,

---

[13]    N.J.S.A. 2A:53A-27 provides:

In the case of an action for medical malpractice, the
person executing the affidavit shall meet the
requirements of a person who provides expert testimony
or executes an affidavit as set forth in [N.J.S.A.
2A:53A-41].  In all other cases, the person executing
the affidavit shall be licensed in this or any other
state; have particular expertise in the general area or
specialty involved in the action, as evidenced by board
certification or by devotion of the person's practice
substantially to the general area or specialty involved
in the action for a period of at least five years.

and thus this medical malpractice action cannot proceed against Dr. Green, Dr. Lombardi, and Dr. Koko.[14]

The Court briefly addresses the exceptions to the Affidavit of Merit requirement, none of which the Court finds apply here. There are four exceptions to the Affidavit of Merit requirement: "(i) a statutory exception regarding lack of information; (ii) a 'common knowledge' exception; (iii) substantial compliance with the affidavit-of-merit requirement; or (iv) 'extraordinary circumstances' that warrant equitable relief." Nuveen Mun. Tr. v. Withumsmith Brown, P.C., 692 F.3d 283, 305 (3d Cir. 2012) (citing N.J.S.A. 2A:53A-28; Ferreira v. Rancocas Orthopedic Assocs., 836 A.2d 779, 782-83 (N.J. 2003); Hubbard v. Reed, 774 A.2d 495 (N.J. 2001); Cornblatt v. Barow, 708 A.2d 401, 411-12 (N.J. 1996)).

The statutory exception states:

> An affidavit shall not be required pursuant to section 2 of this act if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request.

---

[14] This Court does not address Defendants' argument that the Affidavit of Merit is also "fatally flawed by simply failing to reference any of these Defendants by name."

N.J.S.A. 2A:53A-28. No such sworn statement has been produced, and thus the statutory exception is inapplicable here.

The common knowledge exception to the Affidavit of Merit requirement is as follows: "[A] plaintiff is not required to file an affidavit of merit in a common knowledge malpractice case in which '"jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts."'" Palanque v. Lambert-Woolley, 774 A.2d 501, 506 (N.J. 2001) (quoting Hubbard, 774 A.2d at 500). "In a common knowledge case, whether a plaintiff's claim meets the threshold of merit can be determined on the face of the complaint." Id. A hysteroscopy and a laparoscopy are medical procedures outside the ken of lay persons and the average juror. The Court does not find the Affidavit of Merit requirement can be excused under this exception.

Five elements must be satisfied to apply the substantial compliance doctrine:

> (1) the lack of prejudice to the defending party; (2) a
> series of steps taken to comply with the statute
> involved; (3) a general compliance with the purpose of
> the statute; (4) a reasonable notice of petitioner's
> claim[;] and (5) a reasonable explanation why there was
> not a strict compliance with the statute.

Nuveen Mun. Tr., 692 F.3d at 306 (quoting Galik v. Clara Maass

Med. Ctr., 771 A.2d 1141, 1149 (N.J. 2001)).  As for
extraordinary circumstances, "a legal malpractice complaint will
be dismissed without prejudice if a plaintiff shows there are
extraordinary circumstances for noncompliance."  FTC v. Hope Now
Modifications, LLC, No. 09-1204, 2010 WL 3001985, at *7 (D.N.J.
July 27, 2010).

In FTC v. Hope Now Modifications, LLC, summary judgment was
also unopposed, and the district court consequently found "no
evidence of Hope Now's efforts to substantially comply with the
statute, nor an explanation for why they failed to comply, nor
any suggestion of extraordinary circumstances justifying their
noncompliance."  Id.  Further there was "no evidence that the
Hope Now parties supplemented the deficient affidavit of merit."
Id.  Accordingly, the Court found both the substantial
compliance exception and the extraordinary circumstances
exceptions inapplicable.  The Court finds similarly here.
Having filed no opposition, Plaintiffs clearly have not alleged
that they attempted compliance or explained the lack of
compliance.  They do not argue that this Court should apply
either the substantial compliance or the extraordinary
circumstances exception.  Accordingly, the Court declines to do
so.

The Court will grant summary judgment in favor of Dr.
Green, Dr. Lombardi, Dr. Colacino, and Dr. Koko.  The Court also

finds that, upon resolution of the pending summary judgment motion, the circumstances convincing this Court to exercise supplemental jurisdiction are no longer present. There are no remaining motions in the case and, as noted, the Court does not have original jurisdiction over the remaining claims.[15] Accordingly, remand of this case to state court is appropriate.

An appropriate Order will be entered.

Date: <u>November 29, 2017</u>       <u>s/ Noel L. Hillman</u>
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.

---

[15] Plaintiffs' complaint asserts liability against the Cooper Defendants on the basis of their employment of the defendant physicians, asserting vicarious liability. The Court notes Defendant Dr. Rathod has not made an appearance, nor filed an answer or any kind of motion in this matter. Defendants' Notice of Removal noted "[n]o counsel ha[d] yet entered an appearance on behalf of remaining Defendant Dhruv Rathod, M.D., and that defendant ha[d] not yet filed an answer, motion, or other response to Plaintiff's Complaint." The Court can discern no efforts by Plaintiffs since this case was removed to prosecute their case against Dr. Rathod, and this Court is further unable to discern whether Dr. Rathod was ever served based on the filings in this case. At least two possibilities exist: Dr. Rathod was served and is in default or he was not served and no personal jurisdiction attached. Given these uncertainties, the Court cannot at this juncture dismiss the claim against Dr. Rathod. Since the claims against the Cooper Defendants are predicated in part on the claims against Dr. Rathod, summary judgment against the Cooper Defendants is also premature. This Court expresses no opinion on such matters and leaves these issues for adjudication before the state court which has already demonstrated its familiarity with the relevant issues. <u>See supra</u> note 6. The lack of clarity on these unresolved issues of state law is further support for remand at this time.